IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT A. SNODGRASS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 25-0519-MU |
| | ) | |
| FRANK J. BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert A. Snodgrass brings this action, pursuant to 42 U.S.C. §§ 405(g),

seeking judicial review of a final decision of the Commissioner of Social Security ("the

Commissioner") denying his claim for a period of disability and Disability Insurance

Benefits ("DIB") under Title II of the Social Security Act ("the Act"). The parties have

consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C.

§ 636(c), for all proceedings in this Court. (Doc. 5 ("In accordance with the provisions of

28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a

United States Magistrate Judge conduct any and all proceedings in this case, … order

the entry of a final judgment, and conduct all post-judgment proceedings.")). *See also*

Doc. 6. Upon consideration of the administrative record, Snodgrass's brief, the

Commissioner's brief, and oral argument presented at the May 6, 2026, hearing before

the undersigned Magistrate Judge, it is determined that the Commissioner's decision denying benefits should be affirmed.[1]

## I. **PROCEDURAL HISTORY**

Snodgrass applied for a period of disability and DIB, under Title II of the Act, 42 U.S.C. §§ 423-425, on July 13, 2021, alleging disability beginning on April 2, 2018. (PageID. 377-82). He later amended his alleged onset date at his hearing to March 5, 2021. (PageID. 69). His application was denied at the initial level of administrative review on December 21, 2021, upon reconsideration on May 24, 2022, and again on October 20, 2022, after quality review. (PageID. 206-09, 215, 217-20, 227-30). On November 17, 2022, Snodgrass requested a hearing by an Administrative Law Judge (ALJ). (PageID. 236-37). On June 14, 2023, Snodgrass appeared at a hearing before the ALJ, and the ALJ issued an unfavorable decision finding that Snodgrass was not under a disability during the applicable time period on October 18, 2023. (PageID. 103-44, 172-95). Snodgrass appealed the ALJ's decision to the Appeals Council, and, on January 2, 2025, the Appeals Council granted his request for review and remanded his case to the ALJ for, *inter alia,* "further evaluation of the medical opinion" of Dr. Kopp and for "consideration" of the opinions of Dr. Shenesey that the claimant has difficulty maintaining concentration and focus on work over a period of time and tends to skip from one task to another without completing the prior task. (PageID. 196-201).

---

[1] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Doc. 5. ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

After remand, on June 11, 2025, Snodgrass appeared at a second hearing before the ALJ, and thereafter, on July 24, 2025, the ALJ again issued an unfavorable decision finding that Snodgrass was not under a disability during the applicable time period. (PageID. 66-102; 40-65). Snodgrass then appealed this decision to the Appeals Council, and, on November 12, 2025, the Appeals Council denied his request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. (PageID. 27-31).

After exhausting his administrative remedies, Snodgrass sought judicial review in this Court, pursuant to 42 U.S.C. § 405(g). (Doc. 1). The Commissioner filed the social security transcript on February 17, 2026. (Doc. 8). Both parties filed briefs setting forth their respective positions. (Docs. 11, 13). Oral argument was held before the undersigned Magistrate Judge on May 6, 2026. (Doc. 16).

## II. <u>CLAIM ON APPEAL</u>

On appeal, Snodgrass claims that the ALJ erred by failing to address properly the persuasiveness of the opinions of Dr. Kopp and Dr. Shenesey, as directed by the Appeals Council in its January 2, 2025 order; therefore, the ALJ's residual functional capacity (RFC) determination was not supported by substantial evidence. (Doc. 11 at p. 2; PageID. 1533).

## III. <u>BACKGROUND FACTS</u>

Snodgrass, a disabled Air Force veteran, whose date of birth is February 10, 1976, was 45 years old at the time of onset and when he filed his claim in 2021 and 47 years old on the date last insured. (PageID. 56, 759). Snodgrass initially alleged disability due to herniated discs that were fused, nerve damage, and a coal mining

3

accident injury. (PageID. 720). Snodgrass graduated from high school, earned his associate's degree in engineering at Faulkner State, and completed three years of college. (PageID. 71). Immediately prior to stopping work, he worked as a surveyor, ventilation coordinator/engineer, and mine or outby foreman at a coal mining company. (PageID. 355-56). Initially, Snodgrass claimed that he was disabled due to his back injury and the resulting damage to his back and nerves in his left leg, but by the time of the hearings, he was also suffering from depression, anxiety, hearing loss/tinnitus, and vision impairment. (PageID. 46-49).

## IV. ALJ'S DECISION

After conducting two hearings, the ALJ determined that Snodgrass was not under a disability at any time from March 5, 2021, the amended onset date, through the date last insured, December 31, 2023, and thus, was not entitled to benefits. (PageID. 58). In her decision, the ALJ first determined that Snodgrass's date last insured ("DLI") was December 31, 2023. (PageID. 46). She next began the process of applying the five-step sequential evaluation to Snodgrass's claim. At step one, the ALJ found that Snodgrass had not engaged in substantial gainful activity ("SGA") during the period from his alleged onset date to his DLI. (*Id.*). Therefore, she proceeded to an evaluation of steps two and three. The ALJ found that, through the DLI, Snodgrass had the following severe impairments: spondylosis, lumbosacral region, lumbar radiculopathy, sacroiliitis, spinal stenosis, lumbosacral region, post laminectomy syndrome, sequalae from ependymoma surgery, depression due to medical condition, anxiety due to medical condition, cannabis use disorder, recurrent, and moderate alcohol abuse by history, but did not have an impairment or combination of impairments that met or medically equaled the

4

severity of a listed impairment. (PageID. 46-49). After considering the entire record, the ALJ concluded that, through the DLI, Snodgrass had the RFC to perform sedentary work, except: he can occasionally lift and carry ten pounds and frequently lift and carry five pounds; can walk and stand for up to two hours; cannot push/pull leg/foot controls left lower extremity; can occasionally crouch and never crawl, kneel, or climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs and no unprotected heights, operation of heavy moving equipment or commercial driving; cannot have exposure to very loud noise; can perform no stooping; cannot have to interact with public; cannot perform team tasks during which he/coworkers have hands on the same project at the same time; can do simple tasks and experience only occasional changes in the work setting or duties; and will require the use of a cane at all times to stand/walk. (PageID. 49-56). After setting forth his RFC, the ALJ determined that Snodgrass has no past relevant work. (PageID. 56). The ALJ found that, through the DLI, considering his age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Snodgrass could have performed. (PageID. 56-58). Accordingly, the ALJ found that Snodgrass was not disabled within the meaning of the Act from March 5, 2021, the amended alleged onset date, through December 31, 2023, the DLI. (PageID. 58).

## V. <u>STANDARD OF REVIEW</u>

Eligibility for DIB requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E). "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the [date last insured]." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). A claimant is disabled if the claimant is unable "to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A). The impairment must be severe, making the claimant unable to do the claimant's previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-11. "Substantial gainful activity means work that … [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation in determining whether the claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of proving the first four steps, and if the claimant does so, the burden shifts to the Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g).

"Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted).  "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

As noted above, Snodgrass claims that the ALJ erred by failing to evaluate properly the persuasiveness of the opinions of Dr. Kopp and Dr. Shenesey, and therefore, the ALJ's residual functional capacity (RFC) determination was not supported by substantial evidence. (Doc. 11 at p. 2; PageID. 1533). A claimant's RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1. It is an "administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2. It represents the most, not the least, a claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545; SSR 96-8p, 1996 WL 374184, at *2. The RFC

assessment is based on "all of the relevant medical **and other evidence**." 20 C.F.R. § 404.1545(a)(3).

It is well-settled that the ultimate responsibility for determining a claimant's RFC, in light of the evidence presented, is reserved to the ALJ, not to the claimant's physicians or other experts. *See* 20 C.F.R. § 404.1546. "[T]he ALJ will evaluate a [physician's] statement [concerning a claimant's capabilities] in light of the other evidence presented and the ultimate determination of disability is reserved for the ALJ." *Green v. Soc. Sec. Admin.,* 223 F. App'x 915, 923 (11th Cir. 2007); *see also Pritchett v. Colvin*, Civ. A. No. 12-0768-M, 2013 WL 3894960, at *5 (S.D. Ala. July 29, 2013) (holding that "the ALJ is responsible for determining a claimant's RFC"). "To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has 'provide[d] a sufficient rationale to link' substantial record evidence 'to the legal conclusions reached.'" *Jones v. Colvin*, CA 14-00247-C, 2015 WL 5737156, at *23 (S.D. Ala. Sept. 30, 2015) (quoting *Ricks v. Astrue*, No. 3:10-cv-975-TEM, 2012 WL 1020428, at *9 (M.D. Fla. Mar. 27, 2012) (internal quotation marks and citations omitted)).

## VI. DISCUSSION

In assessing medical opinions, the applicable regulations instruct the ALJ to analyze the persuasiveness of the opinions by considering the following five factors: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. 20 C.F.R. § 404.1520c(a)-(c). Moreover, the applicable regulation states that the two most important factors in evaluating the persuasiveness of a medical opinion or prior administrative medical finding are supportability and consistency and

further provides that the ALJ should explain in the decision how he or she "considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings...." 20 C.F.R. § 404.1520c(b)(2). Snodgrass claims that the ALJ erred by failing to address the persuasiveness of the opinions of Dr. Shenesey and Dr. Kopp properly, as directed by the Appeals Council. The Commissioner avers that the ALJ properly made this evaluation after remand and properly articulated her findings. The Court notes that the Appeals Council denied review of the ALJ's decision after remand. (Doc. 8, PageID. 27-32).

## A. Dr. Shenesey's Opinion

Snodgrass argues that the ALJ erred by failing to articulate whether Dr. Shenesey's opinion was persuasive and by not explaining why the opinion was not adopted. Dr. Jessica Shenesey, Ph.D. conducted a mental examination on Plaintiff, at the behest of the VA, on December 20, 2022. (Doc. 8, PageID. 1204-1209). In her report, Dr. Shenesey provided a statement regarding individual unemployability:

> Individual has difficulty attending to or is easily distracted from the task at hand. Individual has difficulty maintaining concentration and focus on work over a period of time, tends to skip from one task to another without completing the prior task. Individual has intrusive thoughts which interfere with the ability to stay focused on the task at hand. Individual has significant difficulty remembering instructions and details of work assignments. Individual has significant difficulty functioning around other people, has difficulty functioning as a team member, feels uncomfortable around others. Individual's sleep is so disrupted that s/he is usually fatigued at work, making concentration and focus on work assignments difficult.

*(Id.,* PageID. 1209). The Appeals Council noted this opinion in its remand order, stating,

> The hearing decision does not address the opinion of psychologist Jessica Shenesey in Exhibit 21F. Dr.

9

> Shenesey opined that the claimant has difficulty maintaining concentration and focus on work over a period of time and tends to skip from one task to another without completing the prior task (Exhibit 21F, page 6). Consideration should be given to this opinion evidence.

(*Id.,* PageID. 199).

In the appealed from second decision, the ALJ addressed Dr. Shenesey's opinion regarding Snodgrass's employability as follows:

> These opined limitations are supported by the examination performed, however they are not in quantifiable terms on which to assess for consistency, base a persuasiveness analysis, or on which a residual functional capacity limitation could be established. These opinions would merely indicate the presence of a limitation, but not the degree of functional limitation. The undersigned has considered these limitations and put the verifiable limitations in the RFC using vocationally-relevant terms.

(*Id.,* PageID. 55). "After careful consideration of the entire record," the ALJ found that, through his date last insured, Snodgrass had the residual functional capacity to perform sedentary work with additional limitations. (*Id.,* PageID.49). The mental limitations in the RFC determination were found to be as follows:

> The claimant cannot have exposure to very loud noise. ...The claimant cannot have to interact with public. He cannot perform team tasks during which he/coworkers have hands on the same project at the same time. The claimant can do simple tasks and experience only occasional changes in the work setting or duties.

(*Id.*).

Although Snodgrass argues that "time off task, how long the Plaintiff can concentrate and persist on any given task, or whether Plaintiff can complete tasks before abandoning it or moving on to the next task," are not addressed in the RFC, the Court notes that limiting Snodgrass to simple tasks with only occasional changes in the

work setting or duties would seem to encompass these limitations. At any rate, evaluating the medical opinions in vocational terms is within the purview of the ALJ and the Court is not allowed to reweigh the evidence or substitute its judgment for that of the ALJ.

Snodgrass further argues that the ALJ's opinion is in error with regard to Dr. Shenesey because she did not "note whether [the opinion] was persuasive or why the opinion was or was not adopted." The ALJ did conclude that Dr. Shenesey's opinion was supported, which is part of the persuasiveness analysis, and then proceeded to explain why she could not assess consistency. This analysis seems to meet the requirement of the regulations which state that the ALJ should *explain* in the decision how he or she "*considered* the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings...." 20 C.F.R. § 404.1520c(b)(2) (emphasis added). Even if the ALJ technically erred by not directly explaining in her decision how persuasive she found Dr. Shenesey's opinion, any such error was harmless because the ALJ clearly stated that she did consider the limitations set forth by Dr. Shenesey in formulating the RFC in this case – "[t]he undersigned has considered these limitations and put the verifiable limitations in the RFC using vocationally-relevant terms." (Doc. 8, PageID. 55).

## B. Dr. Kopp's Opinion

On remand from the ALJ's first decision, the Appeals Council also found that the ALJ had not properly explained "how the factor of consistency was considered when determining the persuasiveness of the medical opinion from Dr. Kopp...." (Doc. 8, PageID. 199). Specifically, the Appeals Council noted that, while the ALJ had set forth

11

the conclusion that Dr. Kopp's opinion that Snodgrass could not bend or stoop, would be distracted from adequately performing work activities for at least two hours in an eight-hour workday, and would be expected to miss one to two days of work per month due to symptoms and one to two days of work per month for appointments was unpersuasive because it was internally inconsistent, the ALJ did not explain how consistent this opinion was with the evidence from other medical sources and nonmedical sources. (*Id.*). In the ALJ's second decision, in addition to demonstrating that Dr. Kopp's opinion was internally inconsistent, the ALJ also included a paragraph in which she discussed factors she considered in concluding that Dr. Kopp's opinion was inconsistent with other medical and nonmedical evidence in the overall record. (*Id.*, PageID. 54).

Snodgrass argues here that the ALJ did not properly assess the evidence in concluding that Dr. Kopp's opinion was not persuasive. However, the Court finds, upon review of the record and the ALJ's decision, that the ALJ has properly supported her opinion. It is not within the purview of the claimant or this Court to reweigh the evidence.

## VII. <u>CONCLUSION</u>

It is well-established that it is not this Court's place to reweigh the evidence or substitute its judgment for that of the Commissioner. *See Chester*, 792 F.2d at 131. This Court is limited to a determination of whether the ALJ's decision is supported by substantial evidence and based on proper legal standards. Having reviewed the entire transcript, including the ALJ's decision, and considered the arguments made by Snodgrass, the Court finds that the ALJ's determination that Snodgrass was not disabled from the amended alleged onset date through the date last insured is

12

supported by substantial evidence and based on proper legal standards.

Based on the foregoing, it is **ORDERED** that the decision of the Commissioner of

Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the **29**th day of **May, 2026**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**